UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CARL A. NELSON, SR.,** | ) | **CASE NO. 1:20 CV 2743** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **OHIO PAROLE BOARD,** | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

Petitioner Carl A. Nelson, Sr. filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner is currently incarcerated in the Grafton Correctional Institution, having been convicted in 1987 in Cuyahoga County of four counts of rape and one count of kidnaping of a teenage girl. As grounds for this Petition, he challenges the most recent denial of parole, claiming the parole board placed more weight on the nature of his crime and not enough weight on his positive programming. He asks this Court to vacate his sentencing Order, which he contends erroneously lists his sentences as consecutive rather than concurrent, and order a new parole eligibility hearing with the new sentence.

**I. BACKGROUND**

Petitioner was convicted of the kidnaping and rape of a juvenile female in 1978. While on parole from that sentence in July 1985, he and an accomplice forced another fourteen-year-old girl into their vehicle and transported her to the accomplice's residence where they both forcibly raped her numerous times. He was convicted of four counts of rape with specifications and one count of kidnaping on October 21, 1987. He is currently serving a sentence of 15 to

150 years. The Ohio Court of Appeals affirmed the trial court's judgment.

In 1989, Petitioner filed a federal Habeas Petition, which this Court denied, concluding that the claims lacked merit or were procedurally defaulted. *Nelson v. McMackin*, No. 3:89 CV 7628 (N.D. Ohio Sept. 25, 1991)(Young, J.). In 2009, Petitioner filed a second federal Habeas Petition, which this Court dismissed as untimely and for lack of exhaustion. *Nelson v. Ohio Adult Parole Authority*, No. 1:09 CV 123 (N.D. Ohio Apr. 20, 2009)(Economus, J.).

In 2013, Petitioner filed another habeas petition, arguing that he is being held in violation of his constitutional rights because his sentence has expired. *Nelson v. Kelly,* No. 1:13 CV 308 (N.D. Ohio Mar. 19, 2013)(Nugent, J.). In support of his claim, Petitioner asserted that the trial court's statements at the sentencing hearing made clear that his five sentences were to be served concurrently and that the written judgment erroneously reflected that the sentences were to be served consecutively. This Court transferred the case to Sixth Circuit Court of Appeals for a determination of whether Petitioner was authorized to proceed with a second or successive Habeas Petition.

Petitioner has now filed this Habeas Petition asserting that he should not have been denied parole based on the serious nature of his crimes and his risk of recidivism. He agues that more emphasis should be placed on his successful programming in prison. Although that is the stated basis for his Petition, he includes a challenge to his consecutive sentences, claiming the judge at his sentencing hearing stated they would be served concurrently, but they were listed as consecutive in his journal entry. He asks this Court to vacate his sentence and order a new parole hearing based on his new sentence.

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the

state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

### III. ANALYSIS

As an initial matter, prisoners have no inherent constitutional right to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). The Ohio parole statutes do not create a protected liberty interest for due process purposes and therefore the decision to grant or deny parole is entirely within the discretion of the Ohio Adult Parole Authority. *Jago v. Van Curen*, 454 U.S. 14, 20 (1981). Until his maximum sentence expires, Petitioner has no liberty or property interest in receiving parole and this Court cannot order the Ohio Adult Parole Authority to give him another hearing in which they will consider only his positive programming and discard the serious nature of his crimes or his likelihood of recidivism.

Furthermore, although Petitioner indicates that denial of parole is the basis for this

Petition, he also argues that his sentence is invalid and is based on a typographical error in the journal entry listing the sentences as consecutive rather than concurrent.  Petitioner already raised this claim in a prior Habeas Petition challenging his sentence.  He cannot proceed with a second or successive Petition without first obtaining permission to proceed from the United States Sixth Circuit Court of Appeals.  28 U.S.C. § 2244(b)(3)(A).  The District Court does not have jurisdiction to entertain a successive Petition for a Writ of Habeas Corpus in the absence of an Order from the Court of Appeals authorizing the filing.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  If Petitioner chooses to file a Petition based on a challenge to his sentence rather than on the denial of his parole, he will have to first seek permission from the Sixth Circuit to proceed with a successive Petition.

## VI.  CONCLUSION

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (ECF  No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

**IT IS SO ORDERED**.

_/s/ Dan Aaron Polster_  4/8/2021
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**